**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **FAUSTINO HERNANDEZ-AGUILAR,** | § | |
| **Petitioner** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:13-126** |
| | § | **Criminal No. B:11-694-1** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent** | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 28, 2013, Petitioner Faustino Hernandez-Aguilar filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. On August 15, 2013, the Government filed a motion to dismiss Hernandez-Aguilar's petition. Dkt. No. 20. Both motions are addressed in this recommendation.

After reviewing the record and the relevant case law, the Court **RECOMMENDS** that the motion to dismiss be granted. Even if considered on their merits, Hernandez-Aguilar's claims do not entitle him to the relief he seeks.

## I. Background

On August 2, 2011, a federal grand jury – sitting in Brownsville, Texas – indicted Hernandez-Aguilar for illegally re-entering the United States after having been previously excluded, deported or removed. U.S. v. Hernandez-Aguilar, Criminal No. 1:11-694-1, Dkt. No. 6 (J. Hanen, presiding) (hereinafter "CR"). While the language in the indictment reflected that Hernandez-Aguilar's removal followed a conviction for an aggravated felony, the statutory citations merely charged him with violating 8 U.S.C. § 1326(a) & (b).[1]

---

[1] Subsection 1326(b)(1) is the offense of illegally re-entering the United States after being removed following the commission of a felony; subsection § 1326(b)(2) alleges reentry after removal following a conviction of an aggravated felony. The sentences for the two violations, also, are different. For section 1326(b)(1) the maximum term of imprisonment is ten years; in contrast, the maximum term of imprisonment for violating 1326(b)(2) is twenty years. Thus, while neither the original indictment, nor the original judgment identified – by number – which subsection Hernandez-Aguilar was charged with violating, the Pre-Sentence Report and the "Nature of

## A.  Rearrangment

On August 25, 2011, Hernandez-Aguilar entered a guilty plea, without a written plea agreement, to illegally re-entering the United States. CR Dkt. No. 13.

Hernandez-Aguilar entered his guilty plea before a United States Magistrate Judge. CR Dkt. No. 30.  During the Rule 11 colloquy, the Court established that Hernandez-Aguilar was able to understand the proceedings, and had discussed the charges with his attorney. CR Dkt. No. 30, pp. 9-12.

Also during that proceeding, Hernandez-Aguilar stated that he understood the possible sentences that he faced and the effect of the sentencing guidelines in his case. CR Dkt. No. 30, pp. 21-26.  Hernandez-Aguilar further stated that he understood his constitutional right to remain silent; his constitutional right to the assistance of counsel; his constitutional right to trial by jury; his constitutional right to a presumption of innocence that the government must overcome by proving guilt beyond a reasonable doubt; and, his constitutional right to cross-examine opposing witnesses and to subpoena witnesses on his behalf. Id., pp. 28-33.

Having stated that he understood all of his rights, Hernandez-Aguilar pled guilty to illegally re-entering the United States following deportation or removal. CR Dkt. No. 30, pp. 52-54.  The District Judge adopted the Magistrate Judge's Report and Recommendation and found Hernandez-Aguilar guilty in accordance with his plea. CR Dkt. No. 19.

## B.  Sentencing

In the final presentence report, Hernandez-Aguilar was assessed a base offense level of eight. CR Dkt. No. 16, p. 4.  He was also assessed a sixteen-level enhancement based upon a prior conviction for aggravated assault, which was reported as a crime of violence.[2] Id. Hernandez-Aguilar received a three-level reduction for acceptance of responsibility. Id, p.

---

Offense" section of the original judgment, indicate that Hernandez-Aguilar was convicted of reentering the United States after a conviction for an "aggravated felony." CR Dkt. Nos. 16, 21. Thus, the offense that Hernandez-Aguilar was originally sentenced for was a violation of § 1326(b)(2).

[2]  The PSR noted that Hernandez-Aguilar was sentenced to eight years of deferred adjudication probation for the aggravated assault. Id.

5.  Thus, Hernandez-Aguilar was assessed a total offense level of 21. Id.

Regarding his criminal history, Hernandez-Aguilar had four prior adult criminal convictions. CR Dkt. No. 15, pp. 5-8.  The nature of these convictions resulted in five criminal history points. CR Dkt. No. 15, pp. 5-8.  Hernandez-Aguilar was assessed an additional two criminal history points because he was on probation at the time he committed the instant offense. Id.  With 7 criminal history points, Hernandez-Aguilar was assessed a criminal history category of IV.  Id.  The presentence report, based upon Hernandez-Aguilar's offense level of 21 and criminal history category IV, identified a guideline sentencing range of 57 to 71 months of imprisonment. Id., p. 10.

Through his counsel, Hernandez-Aguilar responded to the pre-sentence report by requesting that the sentence in this case run concurrent with any other sentences he may receive in other cases and that the Court consider granting a downward departure. CR Dkt. No. 18.

On November 28, 2011, the District Court sentenced Hernandez-Aguilar to 57 months of incarceration, a three year supervised release term – without supervision – and a $100.00 special assessment, which was ordered remitted. CR Dkt. No. 21.  The judgment – which reflected that Hernandez-Aguilar was convicted of violating 8 U.S.C. §§ 1326(a) & (b) and identified the "Nature of Offense" as illegal reentry "[h]aving [b]een [p]reviously [c]onvicted of an [a]ggravated [f]elony" – was entered on December 1, 2011. Id.

**C. Direct Appeal**

On December 5, 2011, Hernandez-Aguilar filed a notice of appeal. CR Dkt. No. 23. In his direct appeal, Hernandez-Aguilar made two claims:  (1) the imposition of a term of supervised released was substantively unreasonable; and, (2) that the Court erred by convicting, sentencing, and entering judgment against him pursuant to § 1326(b)(2) because he previously had not been convicted of an aggravated felony. CR Dkt. No. 36.

On December 12, 2012, the Fifth Circuit decided Hernandez-Aguilar's direct appeal. CR Dkt. No. 36.  As to the first claim, the Fifth Circuit concluded that the imposition of supervised release "was presumptively reasonable" and that Hernandez-Aguilar did not overcome that presumption. Id.  As to Hernandez-Aguilar's second claim, the Court decided

that the aggravated assault conviction was not an aggravated felony and that the District Court erred by entering a judgment indicating that Hernandez-Aguilar's prior conviction for aggravated assault "supported his conviction under § 1326(b)(2)." Id. As to a remedy, the Fifth Circuit expressly found that Hernandez-Aguilar was "not entitled to be re-sentenced, . . ., because he ha[d] not shown that the error affected the outcome in the district court." Id. The Fifth Circuit remanded the case to the district court solely "for reformation of the judgment." Id.

On January 10, 2013, the District Court issued an amended judgment, in conformance with the Fifth Circuit's instructions. CR Dkt. No. 37. The amended judgment reflected that Hernandez-Aguilar was convicted of violating "8 U.S.C. § 1326(a) and 1326(b)(1)" and that the nature of the offense was being found unlawfully present in the United States after deportation "[h]aving [b]een [p]reviously [c]onvicted of a [f]elony." CR Dkt. No. 37. Hernandez-Aguilar's sentence remained unchanged. Id.

Neither the Fifth Circuit docket nor the Supreme Court docket reflect the filing of a petition for certiorari.

### D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On June 28, 2013, Hernandez-Aguilar filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In that motion, Hernandez-Aguilar alleged four grounds for relief: (1) his counsel was ineffective for failing to object to Hernandez-Aguilar's conviction and sentence pursuant to § 1326(b)(2), because it was the incorrect statutory provision; (2) that Hernandez-Aguilar is "actually innocent of the unlawfully imposed 8 U.S.C. § 1326(b)(2) conviction;" (3) the Court lacked the subject matter jurisdiction to "try, convict or sentence" Hernandez-Aguilar under § 1326(b)(2); and, (4) counsel was ineffective "by failing to object to the Court's failure to consider all of the 18 U.S.C. § 3553(a) sentencing factors." Dkt. No. 2.

On July 1, 2013, the Court ordered the Government to respond to the § 2255 petition. Dkt. No. 4. On July 11, 2013, the Government moved for the Court to order Hernandez-Aguilar's defense counsel to file an affidavit, responding to Hernandez-Aguilar's allegations. Dkt. No. 11. On July 12, 2013, the Court granted that motion. Dkt. No. 12.

On August 7, 2013, Hernandez-Aguilar's counsel filed the ordered affidavit. Dkt. No.

4

18.  Counsel stated that he "mistakenly did not object to the finding of the aggravated felony enhancement because it did not impact the guideline [range], only the maximum sentence." Id.  Counsel also noted that he requested a downward departure for his client, expressly requesting that the Court consider the § 3553(a) factors. Id.

On August 15, 2013, the Government moved to dismiss Hernandez-Aguilar's petition. Dkt. No. 19.  The Government asserted that Hernandez-Aguilar's first claim was foreclosed by the Fifth Circuit's decision that Hernandez-Aguilar was not prejudiced by being sentenced and convicted under § 1326(b)(2). Id.  As to the second and third claims, the Government asserted that those claims were procedurally defaulted because they were not raised on direct appeal.  Regarding Hernandez-Aguilar's fourth claim, the Government asserts that it is not cognizable on collateral attack and, moreover, it is contrary to the record.

## II.  Applicable Law

### A. Section 2255

Hernandez-Aguilar seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1.  As relevant here, that section provides:

> (a)  A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id.

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.  The Fifth Circuit "has stated in dicta that jurisdictional claims not raised on direct appeal are procedurally defaulted and cannot be raised on collateral review without a showing of cause and prejudice or actual innocence." U.S. v. David Scruggs, 691 F.3d 660, 667 n 15 (5th Cir. 2012).

"In a habeas action, federal courts stand willing to review issues of jurisdiction,

allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004).  To establish ineffective assistance, the petitioner must show that defense counsel's performance was deficient and that the deficient performance prejudiced the defendant. Id.  "[T]he proper measure of attorney performance is reasonableness under prevailing professional norms." U.S. v. Molina-Uribe, 429 F.3d 514, 519 (5th Cir. 2005).  Courts will not "audit decisions that are within the bounds of professional prudence." Id. at 518.

To demonstrate prejudice on a claim of ineffective assistance of counsel at sentencing, a petitioner must show that his sentence was increased as a result of counsel's errors. Glover v. U.S., 521 U.S. 198, 203 (2001) ("Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice...[o]ur jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance.").  Petitioner can establish prejudice by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Moreover, once a petitioner fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).  If a Court can dispose of a claim based upon lack of prejudice, it is "urged" to do so. Bouchillon v. Collins, 907 F.2d 589, 595 (5th Cir. 1990).

A claim of ineffective assistance of counsel is properly made under § 2255, because it raises an issue of constitutional magnitude that – as  a general rule – cannot be resolved on direct appeal. U.S. v. Bass, 310 F.3d 321, 325 (5th Cir. 2002).

### C. Law of The Case

"[I]ssues raised and disposed of in a previous appeal from an original judgment of

conviction are not considered in § 2255 motions." U.S. v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986) (citing U.S. v. Jones, 614 F.2d 80, 82 (5th Cir. 1980)); U.S. v. Rocha, 109 F.3d 225, 229 (5th Cir. 1997).  Any decision made by the Fifth Circuit on direct appeal constitutes the "law of the case" for purposes of the § 2255 action. U.S. v. Goudeau, 512 Fed. App'x. 390, 393 (5th Cir. 2013) (unpubl.) (citing U.S. v. Troutman, 16 F.3d 1215 (5th Cir. 1994)).

"Under the law of the case doctrine, an issue of fact or law decided on appeal may not be re-examined either by the district court on remand or by the appellate court on a subsequent appeal." U.S. v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002) (internal quotation marks omitted).

The limitation imposed by the law of the case doctrine is not jurisdictional, but discretionary. Id.  "The law of the case doctrine generally instructs that a prior decision of [the appellate] court will be followed without re-examination ... unless  (I) the evidence at a subsequent trial is substantially different; (ii) controlling authority has since made a contrary decision of the law applicable to such issues; or  (iii) the decision was clearly erroneous and would work a manifest injustice." U.S. v. Bonilla-Mungia, 200 Fed. App'x. 376 (5th Cir. 2006) (unpubl.) (quoting U.S. v. Becerra, 155 F.3d 740, 752-53 (5th Cir. 1998)).

### D. Jurisdiction

"Subject matter jurisdiction, or the 'court's power to hear a case,' is straightforward in the criminal context." U.S. v. Richard Scruggs, 714 F.3d 258, 262 (5th Cir. 2013).  In order to create subject matter jurisdiction, "an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute." Id.(internal quotations omitted).

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion

brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.").  The record in the instant case meets this standard, for which reason the motion can be decided without a hearing.

In analyzing Hernandez-Aguilar's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed, because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Applying that standard, Hernandez-Aguilar asserts several grounds for relief. Despite this latitude, neither the record – nor the law – support his claims.

### A. Section 1326(b)(2)

Hernandez-Aguilar raises three claims regarding his allegedly erroneous conviction for violating § 1326(b)(2):  (1) his attorney was ineffective for failing to object; (2) the Court lacked jurisdiction to convict him, and, (3) he was actually innocent of the crime.

### 1. Ineffective Assistance

Hernandez-Aguilar asserts that his attorney was ineffective for failing to object to Hernandez-Aguilar's conviction and sentence pursuant to 8 U.S.C. § 1326(b)(2).  This claim is foreclosed by the Fifth Circuit's decision on direct appeal, that Hernandez-Aguilar was not prejudiced by his attorney's failure.

As previously discussed, Hernandez-Aguilar must show that his attorney's performance was deficient and that he was prejudiced by his attorney's performance. Grammas, 376 F.3d at 436.  In the direct appeal, the Fifth Circuit concluded that Hernandez-Aguilar was erroneously convicted under § 1326(b)(2), because he did not have a qualifying aggravated felony conviction. U.S. v. Hernandez-Aguilar, 500 Fed. App'x. 327, 328 (5th Cir. 2012) (unpubl.).  Thus, the Court will assume that Hernandez-Aguilar can show his attorney's performance was deficient; what Hernandez-Aguilar has not shown is prejudice.

The Fifth Circuit's decision in the direct appeal held that Hernandez-Aguilar "has not shown that the error affected the outcome in the district court." Hernandez-Aguilar, 500 Fed. App'x at 328.   Further, the Fifth Circuit determined "that Hernandez [-Aguilar] was not

entitled to be resentenced." Instead, the only relief to which Hernandez-Aguilar was entitled was "reformation of the judgment." Id. On it's face, the Fifth Circuit decision reflects that Hernandez-Aguilar was not prejudiced by his attorney's performance. Id. This factual and legal determination constitutes the law of the case.

This Court is bound by the Fifth Circuit's decision. Hernandez-Aguilar has not shown that the evidence, or controlling authority have substantially changed, or that the Fifth Circuit's decision was clearly erroneous. Thus, the decision is the law of the case and is to remain undisturbed.

Furthermore, even if the law of the case did not preclude reconsideration of this claim, Hernandez-Aguilar's claim is legally meritless.

Hernandez-Aguilar has misapprehended the elements of § 1326(b)(2). A prior conviction for an aggravated felony is not an element of the offense; rather it is simply a "sentencing factor." Almendarez-Torres v. U.S., 523 U.S. 224, 235 (1998). Thus, it merely increases the maximum possible sentence from 10 years to 20 years. Compare 8 U.S.C. § 1326(b)(1) and (b)(2). While the indictment stated that Hernandez-Aguilar had been convicted of an aggravated felony, the inclusion of that information in the indictment was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823, 825 (5th Cir. 2009). As such, it was not an element of the offense.

The only possible harm Hernandez-Aguilar could have suffered as a result of the judgment under § 1326(b)(2) was that his maximum possible sentence was increased. That maximum had no effect upon the sentence actually imposed in this case. Hernandez-Aguilar was sentenced to 57 months of incarceration, well below either the 10 year maximum sentence – under § 1326(b)(1) – or the 20 year maximum sentence – under § 1326(b)(2). CR Dkt. No. 21. Thus, Hernandez-Aguilar was not prejudiced by his attorney's failure to object to Hernandez-Aguilar's sentencing under § 1326(b)(2). For that reason, Hernandez-Aguilar is not entitled to relief for his attorney's failure to object.

### 2. Jurisdiction[3]

Hernandez-Aguilar asserts that the Court lacked subject matter jurisdiction to try, convict, and sentence him pursuant to 8 U.S.C. § 1326(b)(2). This claim is meritless as well.

As previously noted, subject matter jurisdiction is satisfied when the indictment charges "a defendant with an offense against the United States in language similar to that used by the relevant statute." Richard Scruggs, 714 F.3d at 262. The statutory elements of illegal re-entry are that the defendant: (1) "was an alien at the time of the indictment," (2) "had previously been removed from the United States," (3) "was found in the United States after his removal," and, (4) "had not received the consent of the Attorney General or Secretary of Homeland Security." U.S. v. Garcia-Ruiz, 546 F.3d 716, 718 (5th Cir. 2008). The indictment against Hernandez-Aguilar included all of these elements. CR Dkt. No. 6. That is enough to satisfy the jurisdictional requirements.

For that reason, the Court had subject matter jurisdiction and the claim should be denied.

### 3. Actual Innocence

Hernandez-Aguilar has asserted that he was "actually innocent" of illegal re-entry, as defined in 8 U.S.C. § 1326(b)(2). The most immediate failure in Hernandez-Aguilar's argument is that it hinges upon a fact that is not an element of the offense. As with his other claims, this one is also meritless.

"Actual innocence is not a free-standing ground for relief," pursuant to 28 U.S.C. §

---

[3] The Government has asserted that because Hernandez-Aguilar did not raise this claim on direct appeal, it has been waived. Dkt. No. 20, p. 11. The Fifth Circuit has never expressly ruled on whether jurisdictional claims can be waived, although it has indicated "in dicta" such claims could be procedurally defaulted. David Scruggs, 691 F.3d at 667 n 15. However, given that Hernandez-Aguilar's claims are substantively meritless, the Court need not address the Government's assertion.

The Government has also asserted that Hernandez-Aguilar's claim of actual innocence is procedurally defaulted because he failed to raise it on direct appeal. This argument appears to be contrary to controlling case law. Indeed, actual innocence remains an exception to any procedural default requirements. McQuiggan v. Perkins, 133 S.Ct. 1924, 1928 (2013) (citing Schlup v. Delo, 513 U.S. 298 (1995)). Again, given the failure to demonstrate actual innocence, this exception does not change the result in this case.

2255. <u>David Scruggs</u>, 691 F.3d at 671.  Rather, actual innocence is a gateway for the Court to consider claims of constitutional error "that otherwise would be barred from review." <u>Id</u>. Given that this is not a cognizable free-standing claim, it should be denied.

Furthermore, Hernandez-Aguilar is not actually innocent of the crime he was charged with committing.  Actual innocence requires that "no reasonable juror would have found the defendant guilty." <u>Reed v. Stephens</u>, 739 F.3d 753, 767 (5th Cir. 2014).  Hernandez-Aguilar has not established that the Government would have been unable to prove all of the essential elements of the offense, especially given that his prior aggravated felony was not an element of the offense. <u>Almendarez-Torres</u>, 523 U.S. at 235.  Indeed, during his re-arraignment, Hernandez-Aguilar testified under oath that he was an alien, who swam across the Rio Grande River, re-entering the United States. CR Dkt. No. 30, pp. 52-54.  He further admitted that he had been previously deported from the United States and did not have permission to re-enter the United States. <u>Id</u>.  Thus, Hernandez-Aguilar admitted to every element of the offense.  These facts clearly support the conviction and undermine any claim of actual innocence.

Accordingly, this claim is meritless and should be denied.

**B. Sentencing**

Hernandez-Aguilar asserts that his counsel was ineffective "by failing to object to the Court's failure to consider all of the 18 U.S.C. § 3553(a) sentencing factors." Dkt. No. 2. This claim, however, is contradicted by the record.

After the District Court pronounced its sentence, Hernandez-Aguilar's attorney stated, "Your Honor, for the record, we will object to the 57 month sentence as being greater than necessary to accomplish the 3553(a) factors as well as the adequacy of the reasons supporting the sentence." CR Dkt. No. 28, pp. 6-7.  Thus, Hernandez-Aguilar's counsel made the exact objection that Hernandez-Aguilar seeks.  Again, Hernandez-Aguilar's claim is meritless and should be denied.

## IV. Recommendation

It is **RECOMMENDED** that the Government's motion to dismiss be **GRANTED.** Dkt. No. 20.  It is further recommended that the  Court deny Faustino Hernandez-Aguilar's petition to vacate, modify or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Hernandez-Aguilar's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although  Hernandez-Aguilar's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Good Faith

If Hernandez-Aguilar later seeks to appeal this decision without paying the prescribed fees, i.e. in forma pauperis, the Court should find that the appeal is not taken in "good faith." Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).  A district court may certify that an appeal is not taken in good faith, and, accordingly, deny a petition to proceed in forma

pauperis, but it must list its reasons for doing so. Pohl v. Thaler, 429 Fed. App'x 408 (5th Cir. 2011) (unpubl.) (citing Baugh).  "[W]hen the underlying claims . . .[are] entirely frivolous and [have] no possibility of success," the appeal is not taken in good faith. Baugh, 117 F.3d at 201-02.  Given the resolution of this case, any appeal by Hernandez-Aguilar would be premised upon frivolous claims.  Accordingly, it is **RECOMMENDED** that the Court certify that any appeal is not taken in good faith and that any petition to proceed in forma pauperis on appeal should be denied, pursuant to FED. R. APP. P. 24(a)(3)(A).

### C.  Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, on July 2, 2014.

Ronald G. Morgan
United States Magistrate Judge